## THE INDIANAPOLIS AND CINCINNATI RAILROAD COMPANY *v.* McKINNEY.

RAILROADS.—FENCES.—Where an animal passes upon a railroad track at the crossing of a public street or highway, or other place where, from any cause, it would be improper that the railroad should be fenced, and is killed by the locomotive or cars, the company is not liable, except for the negligence or misconduct of those having charge of the train.

SAME.—The fact that a public highway runs along the side of a railroad track does not, of itself, show a valid reason why a fence could not be maintained between the highway and the track, but rather shows the stronger reason why the railroad should be fenced.

SAME.—The owner of an animal killed or injured by the cars of a railroad company may recover therefor, if the road is not fenced, though he be not an adjoining proprietor and has been guilty of negligence in permitting the animal to stray upon the railroad.

APPEAL from the *Dearborn* Circuit Court.

ELLIOTT, C. J.—*McKinney* sued, and recovered a judgment against, the *Indianapolis & Cincinnati Railroad Company,* for the value of a mule killed by the locomotive and train of the defendant, while being run on said road, in *Dearborn* county, the railroad not being fenced in as required by the statute. The defendant answered in three paragraphs, to the *third* of which the court sustained a demurrer, which presents the first question raised by the appellant.

That paragraph alleges that along the west side of said railroad there is a public highway, or turnpike road, leading from *Lawrenceburgh* to *Brookville,* and that, at the time of killing said mule, the plaintiff permitted it to escape from his inclosure, adjoining to said public highway, and that it went from said highway upon the defendant's railroad track, and was there struck by the defendant's train; " Wherefore, the defendant says that said mule was killed by the carelessness and negligence of the plaintiff, and not by any fault of the defendant."

Section 5 of the act of 1863, under which this suit is brought, provides that, "On the hearing of any such cause, the court or jury trying the same shall give judgment

for the plaintiff, or plaintiffs, for the value of the animal or animals killed, or injury done, without regard to the question whether such killing, or injury was the result of wilful misconduct or negligence, or the result of unavoidable accident." Acts of 1863, p. 26. And the seventh section of the same act provides that, "This act shall not apply to any railroad securely fenced in, and such fence properly maintained by said company."

The answer under consideration contains no averment that the railroad was securely fenced. Nor is it aided by the averment that a public highway runs along the west side of the railroad, and that the mule passed from said highway upon the track, and was thereby killed.

This court has repeatedly held that if the animal passes upon the railroad track at the crossing of a public street, or highway, or other place where, from any cause, it would be improper that the railroad should be fenced in, the company is not liable, except for negligence, or the misconduct of those having charge of the train. But this case is not brought within that rule by the averments in the third paragraph of the answer.

The fact that a public highway runs along the west side of the railroad does not, of itself, show a valid reason why a fence could not properly be run between the highway and railroad, but, on the contrary, would seem rather to show the greater necessity that the railroad should be fenced at such place.

It is insisted by the appellant's counsel that the statute was only intended as a protection to the owner of animals through whose land the railroad passes, and not to persons who reside at a distance from the railroad, and who negligently permit their animals to stray from home and get upon the railroad track. And we are urged to review the former decisions of this court upon that point.

The act of 1853 contained, substantially, if not literally, the same provision on this subject as the act of 1863. Under the former act, this court held, in the case of the

*Indianapolis & Cincinnati Railroad Company* v. *Townsend,* 10 Ind. 38, decided at the *November* Term, 1857, that, though the owner of the animal is not an adjoining proprietor, and is guilty of negligence in permitting it to stray upon the railroad, and it is thereby killed, he may recover, if the company has failed to comply with the requirements of the statute. This decision was followed in numerous other cases, prior to 1863, when the legislature re-enacted the same provision, with a knowledge of the construction that had been given to it by repeated decisions of this court. We must, therefore, presume that the legislature, in re-enacting the provision, sanctioned and adopted that construction. Under these circumstances, we think the question should be regarded as finally settled, and no longer open to discussion. See, also, *I. & C. R. R. Co.* v. *Guard, ante,* p. 222.

It is further insisted that the judgment below is erroneous, for the reason that the complaint does not state facts sufficient to constitute a cause of action, and that the court below erred in not overruling the demurrer to the answer, and sustaining it to the complaint.

The first objection urged to the complaint is that it does not show that the mule was killed in *Dearborn* county, where the suit was brought. In this, however, the appellant's counsel is in error. The complaint avers that the defendant is indebted to the plaintiff, "in the sum of two hundred and sixty dollars, for a brown mule, killed by the cars and locomotive of the defendant, run," &c., "and passing through the said county of *Dearborn,* State of *Indiana,* at said county of *Dearborn.*" The latter words, "*at said county of Dearborn,*" clearly refer to the place where the act complained of occurred, and are an unequivocal averment of the venue.

It is further objected to the complaint that it does not sufficiently aver that the railroad was not securely fenced in. The averment in the complaint on this point is as follows,

viz: "The road of said defendant not being fenced, at the place where the said mule was killed." This is, in effect, an averment that the road was not fenced in at all, at the particular place named. If *no* fence existed at such place, the road was certainly not *securely* fenced at that point, and, in such case, it would be impossible to state the kind of fence, as the counsel urges should be done, as none of any kind existed. We think the averment is sufficient. We find nothing in the record to justify a reversal of the judgment below.

The judgment is affirmed, with 3 per cent. damages, and costs.

*D. S. Major*, for appellant.

*W. S. Holman*, for appellee.