AMSBEY *vs.* HINDS and another,

The Revised Statutes establish no rule or law for the discontinuance, by non-user, of a highway once established. The only means by which such discontinuance could be effected were by non-user for a period of twenty years, or by such an entire and absolute abandonment as could leave, under the circumstances, no question of intent.

An abandonment can only be predicated upon the acts of those entitled to the easement.

In respect to a public highway, the public, alone, can work an abandonment by acts of obstruction. One individual can not do it; least of all the person from whom the easement is due.

The second section of the act of 1861, to amend the Revised Statutes in respect to highways, (*Laws of* 1861, *p.* 709,) by its terms, limits the provisions of the act to " every public highway and private road laid out and dedicated to the use of the public within the last six years," &c.

This limitation applies to the whole act. It does not, however, change the law as contained in the Revised Statutes, (2 *R. S.* 405, § 133,) except in two points, viz: first, in making it necessary to open and work a private way, as well as a public highway, within six years after it has been laid out, or it shall cease to be a road for any purpose; and secondly, in providing that "all highways that have ceased to be traveled or used as highways for six years shall cease to be a highway for any purpose."

The limitation of the second section prevents the application of that law to a case where a road had been a public highway by user up to 1844, when it was shut up for a period of over six years, when it was again opened, and had since been used by the public, down to the time of the trial, in 1865.

Accordingly, *held* that an action of trespass would not lie against an individual for breaking down and removing a fence across such a road or way passing through the plaintiff's farm, and traveling thereon; where it was not claimed that there had been a non-user for twenty years. BALCOM, J. dissented.

THIS was an action of trespass brought against the defendants for breaking down and removing a fence across a road or way, passing through the plaintiff's farm, and traveling thereon.

The action was tried at the Broome circuit, in September, 1865, before Justice MASON and a jury, and a verdict was had for the defendants.

A motion was made for a new trial, on the judge's minutes, and was denied. The case and exceptions are brought up on appeal from the judgment entered upon the verdict. The facts are stated in the opinion.

*George Bartlett*, for the appellant.

*Lewis Seymour*, for the respondent.

BOARDMAN, J. The main question in this case relates to the construction of the statute of 1861, chapter 311.(*a*) The judge, upon the trial, held that it did not apply; the

(*a*) The statute is as follows:

" Section 1. Section ninety-nine of article four, title one, chapter sixteen of part first of the Revised Statutes, is hereby amended so as to read as follows:

§ 99. Every public highway and public road already laid out and dedicated to the use of the public, that shall not have been opened and worked within six years from the time of its being so laid out, and every such highway hereafter to be laid out, that shall not be opened and worked within the like period, shall cease to be a road for any purpose whatever; but the period during which any suit, mandamus, certiorari, or other proceeding shall have been, or shall be pending, in regard to any such highway, shall form no part of said six years, and all highways that shall have ceased to be traveled or used as highways for six years, shall cease to be a highway for any purpose.

§ 2. The provisions of this act shall apply to every public highway and private road laid out and dedicated to the use of the public within the last six years, and to every such highway hereafter to be laid out."

appellant insists it does. If it applies, the plaintiff was entitled to recover; otherwise he was not.

The road in question was undoubtedly a public highway by user, up to 1844. It was then shut up for a period of over six years, and again opened, and has since been used by the public. The Revised Statutes establish no rule or law for the discontinuance by non-user of a highway once established. The only means by which such discontinuance could be effected are by non-user for a period of twenty years, or by such an entire and absolute abandonment as could leave, under the circumstances, no question of intent. It is not claimed that a non-user of twenty years existed in this case. Nor is there any proof in the case which could warrant an allegation of abandonment. The only acts of obstruction were by the owner of the soil, and in his own interest. An abandonment can only be predicated upon the acts of those entitled to the easement. (*Corning* v. *Gould*, 16 *Wend.* 531.) This being a public highway, the public, alone, could work an abandonment by acts of obstruction. One individual can not do it; least of all the person from whom the easement is due. There was no error, therefore, in my judgment, in the charge on this subject.

The defendants were then entitled to this right of way, unless the law of 1861 applies. The second section, by its terms, limits the application of "the provisions of the act" to "every public highway and private road laid out and dedicated to the use of the public within the last six years," &c. This limitation applies to the whole act. It does not, however, change the law as contained in the Revised Statutes, (2 *R. S.* 405, § 133,) except in two points, viz: first, in making it necessary to open and work a private way, as well as a public highway, within six years after it has been laid out, or it shall cease to be a road for any purpose; and secondly, in providing that "all highways that have ceased to be traveled or used as highways for six years, shall cease to be a highway for any purpose."

The limitation of the second section prevents the application of that law to the case in hand. Otherwise this and every road, however long it may have been in use as a public highway, would cease to be a road, if at any time for a period of six years it had, for any reason, ceased to be used. Nor can we believe that the legislature ever intended to discontinue all roads, however or whenever established, by reason of some temporary non-user of six years, though followed by long continued public use and required by public necessity

The judgment should be affirmed, with costs.

PARKER and MASON, JJ. concurred.

BALCOM, J. dissented.

Judgment affirmed.

