### The Bellefontaine Railway Company *v.* Reed.

ASSIGNMENT OF ERROR.—*New Trial.*—All the causes specified in a motion for a new trial are presented to the Supreme Court by an assignment that the court below erred in overruling the motion for a new trial.

RAILROAD.—*Injury to Animals.*—*Pleading.*—A complaint before a justice of the peace against a railroad company, for killing stock, alleged "that the defendant, on or about," &c., "at and in said county of," &c., "and State of Indiana, by its locomotive and train of cars then running on its railroad, at a point on its said road in said county where its railroad track was

not securely fenced, ran over and killed two hogs of the plaintiff of the value of fifty dollars; wherefore," &c.

*Held,* that the complaint stated sufficient facts.

SAME.—*Fences.*—A railroad company is liable for animals killed or injured by its train at a point where its road was not securely fenced, although the owner of such animals permitted them to run at large with knowledge of such defective condition of the fence, unless it was unlawful or impracticable to fence at such point; and the fact that the railroad company owned the land, and was using it as a place in which to deposit wood, to be removed as the exigencies of the company might require, does not relieve the company from such liability.

APPEAL from the Randolph Circuit Court.

DOWNEY, J.—This action was brought before a justice of the peace for the value of two hogs of the appellee, alleged to have been killed by a train of cars on the road of the appellant. There was a default by the defendant before the justice of the peace, and judgment for the plaintiff, after an assessment of the damages. The company appealed to the circuit court, when there was a trial by jury; finding for the plaintiff; motion for new trial by the defendant, which was overruled; motion in arrest of judgment, which was also overruled; and judgment rendered on the verdict. The evidence is made part of the record by a bill of exceptions.

The errors assigned are, that the court erred:

First. In overruling the motion for a new trial.

Second. In overruling the motion in arrest of judgment.

Third. In giving certain charges to the jury.

Fourth. In refusing instructions asked by the defendant.

Fifth. In refusing instructions as asked, and modifying the same.

Sixth. The verdict of the jury is not sustained by sufficient evidence.

Seventh. The verdict of the jury is contrary to law.

Eighth. The damages are excessive, as found by the verdict.

It may be remarked before proceeding to examine the questions on their merits, that the third, fourth, fifth, sixth, seventh, and eighth assignments of error are all embraced

in the first. They are each of them a ground for granting a new trial, and are properly assigned as reasons for granting the same; but are not necessarily, nor, perhaps, properly, specified as assignments of error.

The new trial was asked for the reasons:

First. That the verdict was not sustained by sufficient evidence.

Second. The verdict is contrary to law.

Third. The damages are excessive.

Fourth. The court erred in giving instructions one, two, three, and four by the court.

Fifth. The court erred in refusing to give instructions two and three asked by the defendant.

The motion in arrest of judgment was based on the alleged insufficiency of the complaint, and as that goes back to the foundation of the suit, we will examine it first. The complaint alleges, that the defendant, on or about the 13th of July, 1867, at and in said county of Randolph and State of Indiana, by its locomotive and train of cars, then running on its railroad, at a point on its said road in said county where its railroad track was not securely fenced, ran over and killed two hogs of the plaintiff, of the value of fifty dollars; wherefore, &c.

No specific objection to the complaint is pointed out by counsel for the appellant, and we do not observe any.

The evidence discloses the following state of facts: That the hogs belonged to the plaintiff, and were killed by a train of cars on the defendant's road where it passes over lands owned by the defendant. The tract of land was not inclosed, but there was a fence along the line of the railroad. It was in some places six rails high, and in others four and two rails in hight. At some places it had been thrown down, and openings made through it in this way. In other places it had been removed entirely, and its place supplied with ranks of wood; and then the wood had been taken away in some places, and in others it had been burned away, leaving openings of from two to five rods,

some of which had been open for a year, and others had been made more recently. The wood had been taken away by the employees of the company. The plaintiff lived a half mile from the place where the hogs were killed, knew of the openings in the fence, and allowed his hogs to run at large. The hogs could go on the tract of land of the defendant, and thence through the openings in the fence, and go upon the track of the railroad. They were killed on the railroad at a point opposite to the openings in the fence. One of them would weigh four hundred pounds, and was worth six cents a pound. The other would weigh three hundred and twenty-five pounds, and, on account of her being of better stock, was worth eight cents a pound.

With reference to this evidence, it is insisted by the appellant that the plaintiff was guilty of negligence in allowing his hogs to run at large when he knew of the condition of the fence, and that, for this reason, the finding should have been for the defendant. We think this position cannot be maintained. See *The Indianapolis, &c., Railroad* v. *McKinney*, 24 Ind. 283. Again, it is urged, that as the railroad company owned the land, and was using it as a place to deposit wood, and from which to remove it as the exigencies of the company might require, the company was not bound to keep it securely fenced.

We think this ground cannot be maintained. The statute makes the company liable for stock killed when the road is not fenced. Some exceptions have been allowed in cases where it was unlawful or impracticable to fence. But, very clearly, it is not shown that it was impracticable or illegal for the company to make and maintain a fence in this instance. The facts that the company owned the land, and were using it for the purposes named, were no sufficient reasons why they should leave the way open for animals to go across their land and upon the railroad. If there was anything in the nature of the use which the company was making of the land which made it impracticable to keep up the fence, it is not shown.

The instructions of the court to the jury were in accordance with our views of the law; and the same is true of the modification of the second charge asked by the defendant, of which complaint is made.

The judgment is affirmed, with ten per cent. damages and costs.

*J. A. Harrison,* for appellant.

*T. M. Browne,* for appellee.