# THE JEFFERSONVILLE, MADISON, AND INDIANAPOLIS RAILROAD COMPANY *v.* O'CONNOR.

RAILROAD.—*Injury to Animals.*—*Onus.*—Where a railroad company seeks to shield itself from liability for stock killed where the road is not fenced, on the ground that it should not be fenced at that point, the onus is on the company to establish that fact.

The Jeffersonville, Madison, and Indianapolis R. R. Company *v.* O'Connor.

SAME.—*Highway.*—*Non-User.*—*Fencing.*—Where a highway has not been in a condition for use by the public, and has not been used for thirty-six years, the presumption of its abandonment is justified, and the right to its full use by the owner is restored, and the duty to fence is imposed on a railroad company using a portion of it for its track.

SAME.—*County Commissioners.*—*Cattle at Large.*—A railroad company is liable for cattle killed where it has not discharged its duty in fencing, although the county commissioners may not have made any order in regard to cattle running at large in the county.

APPEAL from the Shelby Circuit Court.

DOWNEY, J.—The appellee sued the appellant for the value of a cow owned by him, which he alleged was killed by the cars of the appellant, at a point on the road where it was not securely fenced. The case originated before a justice of the peace, where it was tried, and thence appealed to and tried in the circuit court, each time resulting in a judgment for the appellee. In the circuit court there was a motion for a new trial, which was asked for the reasons that the finding, the cause having been tried by the court, was contrary to law, and not sustained by the evidence; and which was overruled, exception taken, and the evidence set out in a bill of exceptions. The only error assigned is the refusal of the circuit court to grant the new trial.

Counsel for the appellant contend that the company could not fence the road at the point where the cow was killed, because it was located on the Michigan road, a public highway; that they were not required to fence it at that point, for the reason that there was a switch located there for the convenience of a neighboring distillery; and that, as it was not shown that the cow was at large by permission of the board of commissioners of the county, she was therefore a trespasser on the track of the railroad, and the plaintiff should not have recovered.

It is a general rule, made so by statute, that railroad companies are liable for stock killed on their roads without any evidence of wilful misconduct or negligence. 3 Ind. Stat. 415, sec. 5. From this rule are excepted those companies whose roads are securely fenced. *Id.* 416, sec. 7. In the

The Jeffersonville, Madison, and Indianapolis R. R. Company *v.* O'Connor.

construction of these sections the courts have held, in the nature of an additional exception, that the company need not fence the road where it cannot legally be done, as where the railroad runs along a highway, street, or alley, or where it crosses any such highway, street, or alley. This modification of the strict letter of the act was so obviously proper and necessary, that it would, no doubt, have been incorporated into the act, had it occurred to the members of the general assembly.

If the railroad company would shield itself, either in consequence of the road being fenced or because it cannot, at the particular point, legally be fenced, the onus is on the company. Several witnesses testified that the railroad, at the place where the animal was killed, is located on what was the Michigan road; but others testify that it has not, at that point, been used as a highway since 1833; an excavation for a railroad track, at that early day, rendering its use as a highway, from that time, impossible. We do not see how, under this evidence, we can say that the circuit court erred in not finding that the *locus in quo* was a public highway. This period is probably longer than is necessary to show the abandonment by the public and consequent extinction of a highway by non-user.

"Whenever the public easement is relinquished or vacated, the owner of the soil is restored to his original dominion over the same. The land, it is said, reverts to the owner, disencumbered of the public use; but this does not precisely describe the fact. The land does not revert, because there has been no alienation. The public has only been entitled to a certain specific right, the enjoyment of which is incompatible with the exercise of certain private rights, which are, therefore, necessarily suspended. When, however, the public right is relinquished, this incompatibility vanishes, and, as an inevitable consequence, the private rights thereby suspended revive." Angell & D. High., sec. 326. We need not, in this case, decide what precise period of non-user by the public.

would give rise to the presumption of abandonment. In this case the non-user had been for the term of thirty-six years, at the point in question, which, we think, justified the presumption of such abandonment. *Fox* v. *Hart*, 11 Ohio, 414; *Amsbey* v. *Hinds*, 46 Barb. 622.

The second position, as we have already intimated, can only be made good by proof of the facts which excuse the company from fencing the railroad at the point in question. We have carefully read and considered the evidence, and are unable to see that the circuit court committed any error on this point.

The fact that the board of commissioners of the county had made no order as to the running at large of cattle in the county or township is immaterial in this case. The statute expressly makes the company liable, except when the road is fenced, whether the order has been made by the county commissioners or not. 3 Ind. Stat. 415, secs. 5 and 7.

The judgment is affirmed, with five per cent. damages and costs.

*E. H. Davis* and *C. Wright*, for appellant.

*J. B. McFadden*, for appellee.