THE TOLEDO, WABASH, AND WESTERN RAILWAY COMPANY *v.* CARY.

RAILROAD.—*Fencing.*—*Liability.*—Where the streets and alleys of a town end at a railroad track, and terminate at a high bank, which cannot be used for loading or unloading cars, it is the duty of the railroad company to fence; and it is liable for injury to cattle when it does not fence, without regard to the negligence of the owner of the animals.

APPEAL from the Huntington Circuit Court.

DOWNEY, J.—This action was brought to recover the value of a cow, owned by the appellee, *and killed* by the locomotive and cars of the appellant, while she was on the railroad track.

The main question is whether or not the appellant was bound to fence the railroad, at the point where the cow was killed, to escape liability.

A plat of the *locus in quo* is in the transcript, but we do not deem it necessary to transcribe it into this opinion. The facts relating to the place in question will be sufficiently understood without it. The railway, at that point, runs almost east and west. The town of Antioch is situated south of the railway, the streets and alleys of which, running north and south, terminate at the railway, except one,

The Toledo, Wabash, and Western Railway Co. *v.* Cary.

which crosses the same at or near the depot. A road or highway also crosses the track about fifteen rods west of the west switch. It is two hundred feet west from the street at the station to the west end of the switch, two hundred feet from there west to where the cow was killed, and about the same distance from there west to the crossing of the road or highway. The cow was found in a ditch at the road side, nearly opposite the terminus of one of the alleys. The double track extends only from one switch to the other in front of the town, but does not extend to the place where the cow was killed. At the point where the cow was killed there is a deep ditch on the one side, and a steep bank on the other side, making it impossible to use the ground to load or unload goods in or out of cars.

We must hold that it is not shown that the company could not legally and properly have fenced the road at the point where the cow was killed. The fact that the streets and alleys of the town terminate at the railroad is no objection to the erection of a fence. The strip of land over which the company has a right of way is not a public highway, and may be properly inclosed, so far as we can see, by the company. The public right to travel on the streets and alleys can extend no farther than they extend, and at their termini the railroad company, as well as any other owner, has the right to erect a fence. It would not require the fencing up or fencing across any street or alley, in order to inclose that part of the railroad where the animal was killed. Nor would it be fencing the public away from the depot of the road.

But it is insisted that the owner of the cow was negligent in allowing her to run at large, and that for this reason he cannot recover. Where, however, it is the duty of the company to fence the railroad, the question of the negligence of the owner in allowing his animal to run at large does not arise. We discover, however, no greater negligence in this case on the part of the owner, than is to be found in the case of any other owner, who resides near to a railroad and

allows his animals to run at large. Where the road cannot be fenced, and the company is sued for negligence in killing an animal, then, if the owner has been guilty of negligence contributing to the loss, the company is not liable; and to this effect only are the cases to which we are referred by counsel for the appellant.

The judgment is affirmed, with five per cent. damages and costs.* ·

*W. Z. Stuart*, for appellant.

*B. M. Cobb*, for appellee.

*Petition for a rehearing overruled.