THE LOUISVILLE, NEW ALBANY AND CHICAGO R. W. CO.
*v.* CAHILL.

RAILROAD.—*Killing Stock.—Defence.—Contributory Negligence.*—Contributory negligence is no defence to an action under the statute, against a railroad company, for killing stock at a point on its road not securely fenced.

SAME.—*Stock Running at Large in Violation of City Ordinance.*—An answer in such action, that the plaintiff had negligently, or in violation of a city ordinance, allowed the stock killed to run at large within the limits of an incorporated city, and in the vicinity of the defendant's railroad, amounts only to an answer of contributory negligence, and is insufficient on demurrer.

From the Putnam Circuit Court.

*D. R. Eckels*, for appellant.

*D. E. Williamson* and *A. Daggy*, for appellee.

NIBLACK, J.—This was a suit by George Cahill, against the Louisville, New Albany and Chicago Railway Company, for killing two horses at a point on the line of the defendant's railway, at which it was not securely fenced.

The defendant answered in three paragraphs:

1. The general denial;

2. That the plaintiff turned his said horses loose upon

the streets, highways and unenclosed commons in and about the city of Greencastle, without any care or control over such horses, in violation of an ordinance of said city, by reason of which said horses wandered and strayed upon the defendant's railway track and were killed, without any negligence on the part of the defendant, such killing being the result of gross negligence on the part of the plaintiff;

3. That the defendant's road passes through a portion of the city of Greencastle, where the plaintiff resides, and that the plaintiff voluntarily turned the horses loose near said road, and permitted them go upon and remain on said road, where engines and cars were passing and repassing, by means of which the horses were run over and killed, being the result of gross negligence on the part of the plaintiff, and without the fault of the defendant.

Demurrers were sustained to the second and third paragraphs of the answer.

There was a trial, a verdict for the plaintiff, and judgment on the verdict.

Errors are only assigned upon the decisions of the court sustaining the demurrers to the second and third paragraphs of the answer.

It has been frequently decided by this court, that, where a railroad company is sued for killing animals at a point on its road where it might be, but is not, securely fenced, contributory negligence is no defence to the action. *The Toledo, etc., R. W. Co.* v. *Cory,* 39 Ind. 218; *The Toledo, etc., R. W. Co.* v. *Cary,* 37 Ind. 172; *The Jeffersonville, etc., R. R. Co.* v. *Ross,* 37 Ind. 545; *The Toledo, etc., R. W. Co.* v. *Weaver,* 34 Ind. 298; *The Jeffersonville, etc., R. R. Co.* v. *O'Connor,* 37 Ind. 95; *The Cleveland, etc., R. W. Co.* v. *Crossley,* 36 Ind. 370; *The Bellefontaine R. W. Co.* v. *Reed,* 33 Ind. 476; *The Indianapolis, etc., R. R. Co.* v. *Parker,* 29 Ind. 471.

The second and third paragraphs of the answer before

us were but answers of contributory negligence in different forms.

The court, therefore, did not err in sustaining the demurrers to those paragraphs.

The case does not fall within the rule laid down in the case of *Knight* v. *The Toledo, etc., R. W. Co.*, 24 Ind. 402, as in that case, it was held that the defence amounted to more than contributory negligence. See, also, *The Jeffersonville, etc., R. R. Co.* v. *Dunlap*, 29 Ind. 426.

The judgment is affirmed, with costs.