The Louisville, New Albany and Chicago Railway Co. v. Whitesell.

---

## The Louisville, New Albany and Chicago Railway Co. v. Whitesell.

ASSIGNMENT OF ERROR.—*Practice.*—*Pleading.*—An assignment of error, that a complaint, consisting of several paragraphs, does not state facts sufficient to constitute a cause of action, goes to the whole complaint, and, if any paragraph thereof is good, the alleged error fails.

The Louisville, New Albany and Chicago Railway Co. *v.* Whitesell.

RAILROAD.—*Killing Stock.*—*Special Finding.*—In an action to recover dam-
ages against a railroad company for killing a cow, a negative answer to
the question, "Do you find the plaintiff was without fault, and guilty of no
contributory negligence ?" is equivalent to no finding at all upon that
question, and is not inconsistent with a general verdict for the plaintiff.
SAME.—*Contributory Negligence.*—*Defence.*—Contributory negligence is no
defence to an action under the statute, against a railroad company, for
killing stock at a point on its road not securely fenced.

From the Monroe Circuit Court.

*J. W. Buskirk, H. C. Duncan, J. S. Williams* and *T. J.
Jackson,* for appellant.

*E. K. Millen,* for appellee.

BIDDLE, J.—This action was commenced before a justice
of the peace, by the appellee against the appellant, for the
alleged killing of the appellee's cow by the appellant, by
means of running a locomotive and a train of cars against
and over the cow, upon its railroad track.

. The complaint contains three paragraphs. The first
paragraph charges that the appellant unlawfully, corruptly
and negligently killed the cow, without the fault of the
appellee.   The second paragraph avers that the cow
casually went upon the track where the railroad was not
fenced, and was killed where the road was not fenced. The
third paragraph alleged that the cow was killed in Elletts-
ville, without the fault of the appellee, by the appellant's
servants carelessly and negligently running the locomotive
and train of cars against the cow, and thereby killing her.

Trial by jury ; general verdict for the plaintiff, assessing
his damages at fifty dollars.   With the general verdict the
jury returned the following interrogatories and answers
to them :

"1.   Do you find the plaintiff was without fault, and
guilty of no contributory negligence ?

"Answer.   No. ⌐

"2.   Do you find the defendant guilty of negligence in
running the train which ran against the cow ?

Answer. Yes.

" 3. Do you find such negligence resulted in the injury to the cow, and that but for it the accident would not have happened?

"Answer. Yes.

" 4. Do you find that the accident happened at a point on the defendant's track that might have been fenced without material inconvenience to the public?

"Answer. Yes.

" 5. Was it fenced at such point?

"Answer. No."

The usual motion for a new trial was made and overruled, and exceptions reserved. Judgment, and appeal.

The appellant's counsel make the following points:

1. That the complaint does not state facts sufficient to constitute a cause of action. This question is raised by an assignment of error.

This assignment of error goes to the whole complaint, and, if either paragraph is good, the alleged error must fail. We can find no objection to either paragraph. They all seem to be good, and, after the verdict, there can be no doubt of their sufficiency.

2. The court overruled a motion for judgment in favor of the appellant, on the special interrogatories and answers, but, as the counsel very faintly discuss this point in their brief, we suppose they have waived it, and we think very properly. The motion was probably founded upon the supposition that the first special interrogatory and answer were inconsistent with the general verdict, but we do not think they are. The interrogatory being in the negative form, and the answer in the negative also, leave the question and answer, when taken together, simply equivalent to no finding at all. Do you find that the plaintiff was without fault? No. Do you find that the plaintiff was guilty of no contributory negligence? No. These ques-

tions and answers do not find affirmatively that the plaintiff was in fault, or that he was guilty of contributory negligence. The plain meaning is that the jury do not find at all upon those questions. Besides, if they were equivalent to a finding that the plaintiff was in fault, and was guilty of contributory negligence, the general verdict would still be good under the second paragraph of the complaint, which is founded on the statute for not fencing the road, and under which no question of negligence as to either party is raised. *The Bellefontaine R. W. Co. v. Reed*, 33 Ind. 476; *The Jeffersonville, Madison and Indianapolis R. R. Co.* v. *Parkhurst*, 34 Ind. 501; *The Toledo, Wabash and Western R. W. Co.* v. *Cary*, 37 Ind. 172; *The Toledo, Wabash and Western R. W. Co.* v. *Cory*, 39 Ind. 218; *The Jeffersonville, Madison and Indianapolis R. R. Co.* v. *Vancant*, 40 Ind. 233; *The Indianapolis, Cincinnati and Lafayette R. R. Co.* v. *Bonnell*, 42 Ind. 539; *The Louisville, New Albany and Chicago R. W. Co.* v. *Cahill*, 63 Ind. 340.

3. A motion in arrest of judgment was overruled. There is no error in this ruling. We have already held the complaint to be sufficient.

4. It is insisted that the evidence is not sufficient to sustain the verdict. It is overwhelmingly with the verdict, except as to the fact whether the cow was killed at a point where the appellant could not fence its track. The onus of proving this fact was upon the appellant, and we do not think the evidence proves it. We concur with the jury in the verdict.

The judgment is affirmed, at the costs of the appellant, with ten per cent. damages.