Louisville, New Albany and Chicago Railway Company *v.* Skelton.

No. 11,100.

LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COM-
PANY *v.* SKELTON.

RAILROADS.—*Killing Stock of Employee.*—*Negligence.*—*Fencing.*—To a com-
plaint under the statute for killing the plaintiff's mare, the road not
being fenced, etc., it was answered:    1. That the plaintiff was the de-
fendant's servant; that as such it was his duty to keep the railroad track,
near a certain station, free from trespassing animals; that, in violation
of such duty, he turned his mare out at such a place, near which the
track was not fenced, whereby, etc.    2. That a certain station was a pub-
lic place, with side-tracks and switches where large shipments of goods
were made and received, and that plaintiff turned his mare loose in
that immediate vicinity, and she went upon the track at a place where
it was not securely fenced, etc.

*Held,* that both paragraphs were bad on demurrer; the first, for not aver-
ring that at the place where the animal entered upon the track and was
killed, the employee was required by contract to keep off trespassing
animals, and the second, for failure to show that the animal was killed at
the station, where no fence was required.

From the Washington Circuit Court.

*D. M. Alspaugh* and *J. C. Lawler,* for appellant.

*S. B. Voyles* and *H. Morris,* for appellee.

HAMMOND, J.—Action to recover for the value of a mare
killed upon the appellant's railroad at a place where it was
not securely fenced.    Answer in three paragraphs, to the
second and third of which the appellee's demurrer was sus-
tained for want of facts.

Trial by the court; finding and judgment for the appellee.
Errors are assigned that the complaint does not state facts
sufficient to constitute a cause of action, and that the court
erred in sustaining the demurrer to the second and third par-
agraphs of the appellant's answer.    No objection is urged to
the complaint in the appellant's brief, and we discover no
defect in it.    The second and third paragraphs of the answer
are as follows:

"2. For further answer to the complaint, said defendant
says that at the time the said mare was killed by the engines.

and cars as alleged, the said plaintiff was in the employ of the defendant, and was the agent and servant of the defendant, and that said agent's place of business and duty as such servant and employee were at and in the vicinity of defendant's depot at Farrabee's Station, on said railway, in said county; that as such agent and servant it was the duty of plaintiff to oversee and keep the defendant's railway and switches at and near said station free of all obstructions and trespassing animals, and to save the defendant and the travelling public, in so far as he could, from accident and loss by reason of such obstructions and trespassing animals; that said plaintiff, in violation of his said duty as such agent and servant, and well knowing the premises, and the danger to other employees of said company and to passengers travelling on the cars of said company, did knowingly and wilfully turn his said mare loose in the immediate vicinity of defendant's said railway track at a place where the same was not securely fenced in, and negligently and carelessly permitted his said mare to wander and go upon said railway, where she was killed. Wherefore defendant demands judgment.

" 3. Defendant for further answer says that plaintiff's said mare was killed, as alleged, in the immediate vicinity of Farrabee's Station on defendant's said railway; that said station is a public place; that large lots of goods, lumber and merchandise are shipped by defendant's cars to and from said station; that said defendant has side-tracks and switches there, and that such tracks and switches are necessary for the transaction of the defendant's business at said station; that the plaintiff resides at said station and has resided there for more than ten years last past, and has during said time been in the employ of said company at said point, and at and long before the killing of said mare was familiar with the running of the trains over said road, and knew the time when said trains were to arrive and depart from said station; but, notwithstanding the knowledge of said plaintiff in regard to said facts, he turned his mare loose in the immediate vicinity

of said station, and at a point along and near said railway where the same was not securely fenced in, and negligently and carelessly permitted her to wander and go upon the track of said railway, at or near said station, where she was killed. Wherefore defendant prays judgment."

In an action against a railroad company for killing stock where its road is not securely fenced, it is no defence to the action that the plaintiff's negligence contributed to the injury. *Louisville, etc., R. W. Co.* v. *Whitesell,* 68 Ind. 297. The fact, therefore, that the appellee's negligence in turning his mare loose near the railway track resulted in her going upon the road where she was killed, does not prevent a recovery in his favor.

It has been held by this court that where, by contract with a railroad company, the owner of land through which it passes has undertaken to maintain a fence, no recovery can be had by him for an injury to his animal resulting from his failure to perform his contract, without proof that the company was guilty of negligence. *Terre Haute, etc., R. R. Co.* v. *Smith,* 16 Ind 102; *Indianapolis, etc., R. R. Co.* v. *Shimer,* 17 Ind. 295; *Indianapolis, etc., R. R. Co.* v. *Petty,* 25 Ind. 413. It would seem, from the principle announced in the above cases, that if it is the duty of an employee, by virtue of his contract with a railroad company, to keep trespassing animals off a certain part of the railway track, he ought not to recover for an injury to his own animal occurring through his failure to comply with his agreement. But the second paragraph of appellant's answer, in which such a contract with the appellee is attempted to be set up, fails to aver that the appellee's mare entered and was killed upon that part of the track where his contract required him to keep off trespassing animals. It is charged that he turned his mare loose in violation of his duty. But this is a mere conclusion. The facts out of which the duty arose should have been stated, showing how and in what respect the act upon his part complained of conflicted with the terms of his employment.

The facts stated in the third paragraph of the answer were sufficient to show that the appellant was excusable for not fencing its road at Farrabee's Station ; but the averments that the appellee turned his mare loose in the immediate vicinity of that station, and carelessly and negligently permitted her to wander and go upon the track of the railroad at or near said station, where she was killed, do not show that the injury occurred at said station where the appellant was not required to fence its road. Besides, the appellant might have shown, under its general denial, that it was not legally bound to fence its road where the animal entered upon the track and was killed. The error, therefore, in any event, of sustaining a demurrer to the third paragraph of the answer, was harmless. *Jeffersonville, etc., R. R. Co.* v. *Lyon,* 55 Ind. 477.

The demurrers to the second and third paragraphs of the answer were rightly sustained.

Affirmed, with costs.

