Filed May 27, 1892.

---

No. 529.

THE TERRE HAUTE AND INDIANAPOLIS RAILROAD COMPANY *v.* SCHAEFER.

RAILROAD.—*Killing Stock.* — *Complaint for.*—*Necessary Averments.*—*Matters of Defence.*—Where in an action against a railroad company for cattle killed by the company's locomotive and cars, the complaint alleged, among other things, that the cattle entered the defendant's " track and right of way at a place where the same was not fenced," the complaint stated facts sufficient to constitute a cause of action.   The fact that the place where the cattle entered upon the track was a public highway; that the track could not be fenced at said place; that the company was not bound to fence it at such place, or any other matter of defence, was to be taken advantage of by the defendant.

SAME.—*Killing Stock.*—*Negligence of Company.*—*Not Necessary to Show.*—*Contributory Negligence does not Exonerate.*—The liability of a railroad company for killing stock which entered upon the track at a point

where it should have been fenced, is not based upon the negligence of the company, nor is the company exonerated by the contributory negligence of the plaintiff.

SPECIAL VERDICT.—*Province of.*—*New Trial.*—It is the province of the special verdict to state facts, and the omission therefrom of mere evidence is not a cause for a new trial.

From the Cass Circuit Court.

*J. G. Williams, S. T. McConnell* and *A. G. Jenkins,* for appellant.

*J. C. Nelson* and *Q. A. Myers,* for appellee.

BLACK, J.—In an action originating before a justice of the peace, brought by the appellee against the appellant to recover the value of certain cattle run against and killed by the appellant's locomotive and train of cars, it being alleged in the complaint that the cattle entered the appellant's " track and right of way at a place where the same was not fenced," judgment was recovered by the appellee in the court below on appeal.

The question as to the sufficiency of the complaint after verdict is presented, and it is contended on behalf of the the appellant that it should have been alleged in the complaint: 1. That the place where the cattle entered upon the appellant's track and were killed was not a public highway. 2. That the cattle were rightfully at large. 3. That the appellant had negligently failed and omitted to fence its road at the place where the cattle entered upon the track and were killed. 4. That it was a place where the appellant could fence its track and was bound to do so.

The complaint did not need any such averments.

It is well settled that in such an action against a railroad company to recover damages for killing or injuring the plaintiff's animal by running against it the defendant's locomotive and cars, the complaint alleging that the railroad was not fenced at the place where the animal entered upon it, it is not necessary that it be alleged or shown that such place was not a public highway, or that the railroad com-

pany could have fenced its road at such place, or that it was bound to do so. If for any reason the railroad company could not have fenced at such place properly, or was not bound to do so, that would be matter of defence to be shown by the railroad company. *Jeffersonville, etc., R. R. Co.* v. *Peters,* 1 Ind. App. 69; *Louisville, etc., R. W. Co.* v. *Hughes,* 2 Ind. App. 68; *Pennsylvania Co.* v. *Lindley,* 2 Ind. App. 111; *Louisville, etc., R. R. Co.* v. *Hart,* 2 Ind. App. 130.

It is also well settled that in such a case the railroad company is liable for such killing or injuring without reference to the question as to its negligence or as to the plaintiff's contributory negligence. *Jeffersonville, etc., R. R. Co.* v. *Ross,* 37 Ind. 545 (549); *Louisville, etc., R. W. Co.* v. *Cahill,* 63 Ind. 340; *Louisville, etc., R. W. Co.* v. *Whitesell,* 68 Ind. 297; *Welty* v. *Indianapolis, etc., R. R. Co.,* 105 Ind. 55.

In such a case it is immaterial whether or not the animal was at large rightfully by reason of an order of the board of county commissioners (*Jeffersonville, etc., R. R. Co.* v. *O'Connor,* 37 Ind. 95), or whether or not it was at large in violation of an ordinance of the city. *Louisville, etc., R. W. Co.* v. *Cahill, supra.*

The cause was tried by jury, and a special verdict was returned. The appellant's motion for a new trial was overruled.

The principal contention on the part of the appellant is that the evidence showed that at the place where the animals entered upon the railroad it could not properly be fenced, for the reason that to have fenced it there would have included the putting in of cattle guards, which would have endangered the safety of its employees in the use of that part of the railroad in switching and making up trains.

It must be said that upon this matter the evidence was conflicting; therefore, the conclusion reached by the jury under the instructions of the court below can not be disturbed by this court. *Pennsylvania Co.* v. *Lindley, supra.*

A portion of the argument here is devoted to alleged defects in the verdict, concerning which it is enough to remark that it is the province of a special verdict to state facts, and that the omission therefrom of mere evidence is not a cause for a new trial.

Judgment affirmed.

