Filed May 26, 1896.

---

No. 1,675.

## HARTZELL *v.* LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY CO.

CONTRIBUTORY NEGLIGENCE.—Want of contributory negligence is an essential part of a plaintiff's affirmative case, who sues for negligence, and the defendant is not required to plead or prove contributory negligence of the plaintiff.

SAME.—Where the gist of the action is negligence, the same rule, as to contributory negligence, applies to railroad-crossing cases as to any other cases.

From the Owen Circuit Court.

*A. G. Cavins, E. H. C. Cavins, W. L. Cavins, D. E. Beem* and *J. Williams*, for appellant.

*E. C. Field, W. S. Kinnan,* and *Fowler & Spangler*, for appellee.

VOL. 15—27

GAVIN, J.—Appellant, who was a drayman, sought to recover damages for injuries to his horse, suffered by reason of appellee's negligence. The trial court rendered judgment upon the special verdict in favor of appellee. The correctness of this action is here questioned. Whether or not the verdict sufficiently establishes appellant's freedom from contributory negligence, is what we are called upon to determine. From the verdict, we learn that on and prior to June 20, 1893, appellant was engaged in the business of draying at Bloomfield, Indiana; that on this day "his horse was standing hitched to the platform near the northwest corner of said appellee's depot in said town, at the usual place of loading and unloading freight." A train of cars came along, on one of which was a pile driver, which struck a wire stretched across the track eighteen feet above ground, thereby breaking the wire and throwing down some telegraph poles, which knocked over a ladder and caused it to fall upon the horse. There is, in the verdict, nothing further than what we have set out, to indicate the conduct or care of appellant, nor is there any finding that appellant was free from contributory negligence.

For what purpose he hitched his horse to the platform; how long it had been so hitched; where he was; what he was doing; whether or not the place was a suitable and proper one at which to leave his horse unattended; whether or not, if present and giving attention, he might have foreseen and avoided the disaster,—none of these things are made manifest.

Counsel for appellant say: "The party insisting on negligence or contributory negligence must prove the facts from which such negligence is to be inferred."

Under the law, however, as fully established by a long line of decisions in this State, the defendant, when sued for negligence, is not required to plead or

prove contributory negligence of the plaintiff. Want of contributory negligence upon his part is an essential part of his affirmative case. He must himself establish it before he can recover. Where, as here, the facts exemplifying the plaintiff's conduct are not set forth with sufficient fullness to enable us to say whether or not he was himself in the exercise of due care, or free from contributory negligence, then the plaintiff must fail, because he has not sustained the burden which the law imposes upon him. The facts contained in the verdict do not, indeed, show appellant to have been guilty of negligence; neither do they show him not to have been guilty of contributory negligence. Under such circumstances, the defendant was entitled to judgment. *Cincinnati, etc., R. W. Co.* v. *Duncan,* 143 Ind. 524; *Oleson* v. *Lake Shore, etc., R. W. Co.,* 143 Ind. 405; *Terry* v. *Louisville, etc., R. W. Co.,* 15 Ind. App. 353, and cases there cited.

As to the applicability of this principle, there is no difference between railroad-crossing cases and any others, where the gist of the action is negligence. *City of Valparaiso* v. *Ramsey,* 11 Ind. App. 215; *Walkup* v. *May,* 9 Ind. App. 409.

Counsel are in error in arguing that cases for damages for stock killed at places on the railroad not fenced are analogous to the one in hand. In such cases there is an enforcement of a statutory liability, and negligence is not the basis of the action. *Terre Haute, etc., R. W. Co.* v. *Schaeffer,* 5 Ind. App. 86.

Judgment affirmed.

Filed June 9, 1896.