CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY v. VAN NATTA ET AL.

[No. 6,296.  Filed April 2, 1909.  Rehearing denied June 10, 1909. Transfer denied November 19, 1909.]

1. PLEADING.—*Complaint.*—*Railroads.*—*Killing Animals.*—*Line of Duty.*—A complaint alleging that defendant railroad company "was then and there engaged in running locomotives and cars over and upon said railway" and that plaintiff's cow, which by defendant's negligence in constructing cattle-guards was upon the track, "was run against, upon and over, and killed by said defendant's cars, locomotives and trains, run and operated upon said defendant's right of way and tracks, by its agents, servants and employes," sufficiently shows that such servants were acting in the line of their duty.  Roby and Rabb, JJ., concurring specially. p. 610.

2. EVIDENCE.— *Circumstantial.*— *Inferences.*— *Railroads.*— *Killing Cows.*—Evidence showing that on the morning after the plaintic's dead cow was found near defendant railroad company's right of way a fresh track led through a defective cattle-guard

up to a point, between the rails, where hair and blood were found two rods from such cow, warrants an inference that the cow was struck by the train. p. 610.

3. DAMAGES.—*Animals.—Registered.—Railroads.—*The owner of a registered cow negligently killed by a railroad company is entitled to have the cow's pedigree considered in estimating the damages. p. 611.

4. TRIAL.—*Instructions.—Imperfections.—*The giving of imperfect instructions which are not misleading does not constitute reversible error. p. 611.

5. COURTS.— *Appellate.— Creation of.— Purpose.—* The Appellate Court was created to facilitate the decisions of appeals. p. 612.

6. COURTS.—*Appellate.—Written Decisions.—When Required.—*The Appellate Court is required to give a written decision only when it reverses a judgment, and its decisions are final except where an appeal is permitted, or where a transfer is provided for. p. 613.

From Superior Court of Tippecanoe County; *Henry H. Vinton,* Judge.

Action by William S. Van Natta and another against the Cleveland, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiffs, defendant appeals. *Affirmed.*

*L. J. Hackney, Stuart, Hammond & Simms,* and *Frank L. Littleton,* for appellant.

*E. G. Hall,* for appellees.

COMSTOCK, P. J.—Upon a change of venue from the Benton Circuit Court to the Superior Court of Tippecanoe County, appellees recovered in the last-named court a judgment against appellant for $250 for the killing of a Hereford cow, alleged to have entered upon appellant's railroad at a place where the same was not securely fenced. The complaint was in two paragraphs and a reversal is asked because of the insufficiency of said paragraphs, and because of the action of the court in overruling appellant's motion for a new trial. Each paragraph of complaint was tested by a demurrer for want of facts.

It is insisted that the first paragraph is insufficient for failing to charge that appellant ran its cars, locomotives

and trains against and upon the cow in controversy,
the averment being that said cow ''was run against, upon and over, and killed by said defendant's cars, locomotives and trains, run and operated upon said defendant's right of way and tracks, by its agents, servants and employes,'' it not being averred that said servants and employes were at the time acting within the scope of their employment. In a preceding part of the paragraph it is alleged that appellant at the date and place in question ''was then and there engaged in running locomotives and cars over and upon said railway,'' etc. These various allegations sufficiently show that appellant was operating its locomotives by its agents. *Indianapolis Union R. Co.* v. *Waddington* (1907), 169 Ind. 448, 457, 458; *Southern R. Co.* v. *Elliott* (1908), 170 Ind. 273; *Indianapolis St. R. Co.* v. *Schmidt* (1904), 163 Ind. 360; *Indianapolis St. R. Co.* v. *Ray* (1906), 167 Ind. 236.

The sufficiency of the second paragraph is not discussed.

It is the claim of appellant that its motion for a new trial should have been sustained, for the reason that the evidence is not sufficient to show that appellees' cow was struck by any locomotive, car or train operated by appellant. The evidence shows that appellees' cow was found upon appellant's right of way suffering from injuries from which she died. On the morning after the night the cow was injured the fresh track of one cow was found entering upon the appellant's right of way over the cattle-guards at the public highway crossing. This track led to a point where blood and hair were found upon the defendant's track, where it ceased, and the cow was found some two rods therefrom, lying beside the railroad tracks. There was evidence that the cow walked between the rails to the point where she was struck. The collision took place at night, and appellees did not see it, but there was evidence to warrant the conclusion that the cow entered upon the defendant's right of way over a defective cattle-guard, and

was struck by appellant's engine and fatally injured. The jury are warranted in drawing reasonable inferences from facts proved.

Complaint is also made of several instructions given. It is proper to say in this connection that, with two exceptions, the instructions requested by appellant were given. Those refused would have told the jury to exclude from their consideration any value predicated upon the pedigree of the cow. They were correctly refused. The instructions given, considered together, are not misleading nor confusing, and they fairly state the law. Taken singly, it may be conceded that some of them may be faulty in expression, but their faults are not great enough to warrant a reversal of the judgment reached, after a fair trial, upon the merits, and the rendition of a verdict which cannot be said to be without support of the evidence.

Judgment affirmed.

## CONCURRING OPINIONS.

ROBY, J.—I think that when it is shown by the complaint in a case of this character that the defendant owns and operates a railroad, and has disregarded its statutory duty to fence the same, and that stock, entering upon its track because of such neglect, was struck by one of its trains and killed, liability is complete. This is the plain provision of the statute. §5447 Burns 1908, Acts 1885, p. 224, §1.

I also think that when it is averred that locomotives and trains running over such railroad were operated by the agents, servants and employes of the company owning and operating the railroad, it is sufficiently shown that such agents, servants and employes were acting in the line of their duty, and the cases which deny to the courts sufficient intelligence to grasp the fact should be overruled.

I concur in the main opinion, and regard it as in conflict with and corrective of the reasoning which forms the basis

of what is said as to this point in *Cleveland, etc., R. Co.* v. *Wasson* (1904), 33 Ind. App 316, *Wabash R. Co.* v. *Linton* (1901), 26 Ind. App. 596, and *Pittsburgh, etc., R. Co.* v. *Adams* (1900), 25 Ind. App. 164.

RABB, J.—I concur in the views expressed in the concurring opinion of Roby, J.

## ON PETITION FOR REHEARING.

ROBY, P. J.—Appellant's petition for a rehearing contains the following naive statement:

"Error in giving instructions.

"The court, in the opinion in this case, disposes of this question quite summarily by saying: 'The instructions given, considered together, are not misleading nor confusing, and they fairly state the law.' We may presume that the judges concurring in the opinion, accepted the above statement as correct. There are at least two members of this court who could not have concurred in the opinion without disregarding their own opinions in cases involving the same question, if the learned judge writing the opinion had made an abstract of the instructions to which we objected. We regret that he did not do so, and we hope that in the event the petition for rehearing shall be overruled an abstract of the instructions complained of may be made, so that, in the event of an application for transfer to the Supreme Court, the question of their sufficiency may be reviewed."

The learned author apparently considers this court as a committee whose principal function is to prepare cases for decision by the Supreme Court. The purpose of the formation of the Appellate Court was, as is well known, to facilitate the decisions of appeals. Section seventeen of the act of March 12, 1901 (Acts 1901, p. 565, §1401, Burns 1908), is, in part, as follows: "*In every case reversed* by a division of the Appellate Court, an opinion

shall be given on the material question therein in
6. writing, and the appropriate judgment shall be entered with directions to the lower court.'' It will be observed that the act does not provide for any written opinion where the judgment of the trial court is affirmed. The function of every court is to hear and determine, and it was intended that decisions made by the Appellate Court should be final, except only in those cases where an appeal as of right was given. Acts 1901, p. 565, §15, §1399 Burns 1908. The right to file an application for transfer to the Supreme Court is expressly restricted to two grounds, viz., that the opinion contravenes a ruling precedent, or that a new question of law is directly involved and is decided erroneously. Acts 1901, p. 565, §10, §1394 Burns 1908.

The effect of such practice as is demanded would be to make a double appeal in each case, one result of which would be that, instead of being expedited, business would be retarded, and it would not be long until it would again take five years to dispose of an appeal. The review which the Supreme Court is authorized to make is only in the interest of the public, and to the end that there be uniformity in the expression of legal principles. So far as the parties are concerned, the findings and decisions of the Appellate Court are, by the act, made final. The conclusion to which appellant objects is a judicial conclusion, made after careful examination of the record, and the petition for rehearing is overruled.