5-6. 

---

## BALTIMORE & OHIO SOUTHWESTERN RAILROAD COMPANY *v.* DICKEY.

[No. 6,052. Filed April 8, 1909.]

1. PLEADING.— *Complaint.*— *Railroads.*— *Killing Stock.*— A complaint alleging that defendant railroad company negligently failed to maintain a fence along its track as required by law, that plain-

tiff's horse, without plaintiff's negligence, went upon defendant's track at such point and was struck and killed by defendant's engine, is sufficient, without an allegation that the engine was being used in defendant's service. p. 511.

2. RAILROADS.—*Killing Stock.—Failure to Fence.—Justification.—Question for Jury.*—Whether the maintenance of a cattle-guard at a certain point along the railroad track would be a sufficient menace to the safety of a railroad company's employes in operating its trains to justify its failure to maintain same is a question for the jury. p. 511.

3. RAILROADS.— *Safe Ways.— Cattle-Guards.— Stations.*—Railroad companies are liable to their servants for the maintenance of cattle-guards, fences, and wing fences at their stations or side-tracks, thereby enhancing the dangers to such employes. p. 512.

4. TRIAL.— *Instructions.— Railroads.— Killing Stock.— Failure to Fence.—Justification.—Burden of Proof.*—An instruction in a stock killing case that if the jury should fail to find that to fence the track at the point where the stock entered would materially interfere with the transaction of the company's business with the public, it would be necessary, in order to justify its failure to fence, for the company to prove that it would endanger the lives of its employes in running its trains, is not erroneous nor prejudicial. p. 512.

From Martin Circuit Court; *Hileary Q. Houghton,* Judge.

Action by Orpheus M. Dickey against the Baltimore & Ohio Southwestern Railroad Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Gardiner, Tharp & Gardiner, F. Gwin, J. B. Marshall* and *Edward Barton,* for appellant.

*Frank E. Gilkison,* for appellee.

COMSTOCK, P. J.—The complaint is in one paragraph. It avers that the defendant is a corporation doing a general railroad business in the State of Indiana, and for the purpose has a line of railroad extending from Cincinnati, Ohio, to St. Louis, Missouri, which line of railroad runs across Halbert township, Martin county, Indiana. Plaintiff avers that he lives along the line of said railroad in said township, and has possession of a farm that lies along and adjoining the right of way of said railroad company; that on December 9, 1906, a horse belonging to plaintiff escaped from

the place where it was kept on his said farm, wandered away therefrom, and got upon the right of way of the defendant company in said township, county and State, at a point where said defendant negligently failed to maintain a fence as provided by law; that said horse then went upon the track of said defendant, and was run upon, struck and killed by one of the engines of the defendant company running upon said railroad.

A demurrer to the complaint for want of facts was overruled. The cause was put at issue, tried before a jury, and a verdict rendered for $100.

The first error assigned and discussed is the action of the court in overruling the demurrer to the complaint. The objection made to the complaint is that it contains no allegation that the engine that struck and killed plaintiff's horse was being run or managed by defendant or any of its servants while engaged in its service.

This court in *Cleveland, etc., R. Co.* v. *Van Natta* (1909), 44 Ind. App. —, in which the sufficiency of the complaint was called in question by demurrer for want of facts on substantially the same ground, held the complaint sufficient. Upon the authority of that case the claim must be disallowed.

The only other error assigned is overruling appellant's motion for a new trial. The first reason for a new trial is that the verdict is not supported by sufficient evidence.

Appellant insists that to fence its track at the point in question with the necessary cattle-guards would so increase the danger to the employes as to render that of paramount importance; that to do so would render it liable to its employes, who, while in the management of its trains, might be injured because thereof. A railroad company, in the discharge of its duties to its employes in operating its trains, is not required to fence its track at a point where a fence would interfere with the operation of its road. Railroad companies are liable to their servants

employed in the operation of trains, if injured while

3. so employed because of the maintenance of fences, cattle-guards and wing fences at station grounds where there are side-tracks, and where danger to them is thereby enhanced. Whether a railroad company is exempt from fencing its track at a given point is ordinarily a mixed question of law and fact. *Toledo, etc., R. Co.* v. *Cupp* (1894), 9 Ind. App. 244; *Wright* v. *Atchison, etc., R. Co.* (1894), 56 Mo. App. 367. In the case at bar there is no conflict in the evidence as to the point at which the horse entered upon appellant's right of way. There is a conflict as to whether said point was within the station grounds of appellant. Where the fencing would probably but slightly increase the danger to trainmen and employes, it cannot be said, as a proposition of law, that the company is relieved from the obligation of fencing. There is, too, a conflict in the testimony as to the extent to which such danger would be increased, and under the evidence these questions were properly submitted to the jury by appropriate instructions.

Instructions three and six, given to the jury, are excepted to. Instruction three is criticised as minimizing unreasonably the position of appellant, and as argumentative,

4. to the hurt of appellant, and that instruction six is bad for the reason that, if the jury should fail to find that to fence the track would interfere materially with the transaction of the appellant's business with the public, in order to entitle it to the defense of danger to its employes, it requires the jury to find by a preponderance of the evidence that it "would be dangerous to the lives and limbs of defendant's employes engaged in running its trains." With deference to the learned counsel for appellant, we are of the opinion that the language of these instructions does no violence to the law, and certainly said instructions were not prejudicial to the appellant.

Judgment affirmed.