# MICHIGAN CENTRAL RAILROAD COMPANY *v.* FARRELL.

[No. 7,754.   Filed November 26, 1912.   Rehearing denied
March 5, 1913.]

1.  RAILROADS.—*Injuries to Animals on Tracks.—Complaint.—Sufficiency.*—A complaint in an action against a railroad company for killing plaintiff's horses, alleging that at the time the defendant owned, operated and controlled a certain line of railroad over which it ran locomotives and cars for the transportation of passengers and freight, that plaintiff's horses, without plaintiff's fault or negligence, entered in and strayed upon defendant's right of way and tracks and that defendant, by its servants and employes, then and there ran one of its locomotives against said horses, etc., sufficiently shows that defendant was operating its locomotive by its agents while in the line of their duty or employment.   p. 605.

2.  RAILROADS.—*Injuries to Animals on Tracks.—Complaint.—Sufficiency.*—A complaint to recover for stock killed by being struck by a train, alleging that plaintiff's horses, without any fault or negligence on the part of plaintiff, entered in and strayed upon the right of way and tracks of defendant at a point where the right of way and track were not sufficiently fenced, and were struck and killed by defendant's train, is not open to the objection that it fails to show that the killing was without plaintiff's fault.   pp. 607, 608.

3. RAILROADS.—*Injuries to Animals on Tracks.*—*Violation of Statutory Duty.*—*Contributory Negligence.*—*Complaint.*—Where liability of a railroad company for injury to animals is predicated ón the violation of its statutory duty to fence properly its right of way, the complaint need not aver that plaintiff was without fault. p. 607.

4. APPEAL.— *Review.*— *Issues.*— *Evidence.*— *Instructions.*— Where the evidence has not been brought into the record, if the instructions objected to can be said to be proper and applicable to any evidence that might have been introduced under the issues, no available error is presented. p. 608.

5. APPEAL.— *Review.*— *Presumptions.*— *Evidence.*— *Instructions.*— Where the evidence in an action against a railroad company for killing horses on its track is not in the record on appeal, the court will presume that the evidence of the killing of the horses was without conflict, so that an instruction authorizing a recovery without requiring a finding that the horses were killed by a train will not be held erroneous. p. 608.

6. RAILROADS.—*Injuries to Animals on Tracks.*—*Complaint.*—*Instructions.*—Where, in an action against a railroad company for killing horses on the track, the complaint alleged that defendant failed properly to maintain its fences, an instruction which in effect stated that the law imposed on defendant the duty of erecting a fence of the kind and character required by statute and to maintain the same in proper condition of repair, was within the issues. pp. 609, 610.

7. RAILROADS.—*Fencing Tracks.*—*Statutory Duty.*—The duty imposed by statute on railroad companies to erect and maintain fences is a continuing one, which required them not only to erect fences in the first instance, but to maintain them in proper condition. p. 610.

From Lake Superior Court; *Virgil S. Reiter,* Judge.

Action by John J. Farrell against the Michigan Central Railroad Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*J. G. Ibach* and *L. V. Cravens,* for appellant.
*McAleer Bros.,* for appellee.

HOTTEL, J.—This is an appeal from a judgment for $300 obtained by appellee in the Lake Superior Court.

The complaint is in two paragraphs, each of which charges appellant with negligently running over and killing two

of appellee's horses, which had entered on its right of way at a point where it is alleged appellant had negligently failed to maintain a sufficient fence.

The first paragraph proceeds on the theory that appellant had negligently allowed its fence at the point where the horses entered on its right of way "to become broken down, old, worn out, and out of repair and down." The second paragraph differs from the first in that it proceeds on the theory that appellant had negligently failed to fence its track "properly * * * and in fact had no fence at all or any guard or protection of any character to prevent stock or said horses from entering in or on the right of way," etc. To each of these paragraphs a demurrer was filed and overruled and exceptions saved. A general denial was the only answer. A motion for new trial was overruled. The rulings on said demurrers and the motion for a new trial present the errors assigned and relied on.

It is urged against the sufficiency of each paragraph of the complaint that it is not alleged (1) "that the servants and employes of the appellant at the time of the alleged injury to plaintiff's horses were operating appellant's train in the line of their duty or employment," and (2) that the running of appellant's train against appellee's horses was without any fault or neglect on the part of appellee.

The averments of the first paragraph of complaint, against which said objections are urged, are, in substance, as follows:

1. On July 12, 1907, defendants owned, operated and controlled a certain line of railroad and railroad tracks running through the town of Gary, Lake county, Indiana, and on said day ran locomotives and cars over said railroad tracks and on its right of way for the transportation of passengers and freight; that on July 12, 1907, this plaintiff was the owner of two horses, of the value of $300 each, which said horses, on the above-mentioned date, without any fault or negligence on the part of plaintiff, entered in and strayed upon the right of way and tracks be-

longing to said defendant, and were struck by one of defendant's trains; that said defendant by its servants and employes did then and there run one of its locomotives upon and against said horses, striking said horses, then and there wounding and injuring said horses, so that they then and there died as a result of said injury. It is averred that said horses entered on said track at a point where it was not sufficiently fenced, etc.

The second paragraph of said complaint avers on this subject that the defendant "on the 12th day of July, 1907, owned and operated and controlled certain railroad tracks, right of way and trains of cars running through the town of Gary, Lake county, Indiana; that on said day the defendant by their servants, agents, and employes were then and there running locomotives and cars over said tracks and right of way for the transportation of passengers and freight; that on said day aforesaid the plaintiff was the owner of two horses of the value of $300 each, which said horses on the above mentioned date without any fault or negligence on the part of plaintiff strayed upon the tracks or right of way of said defendants in the town of Gary, Lake county, Indiana, and were struck by a locomotive belonging to said defendants and running upon said defendant's tracks and conducted by the servants, agents and employes of said defendants in their behalf and were so injured by being struck that they then and there died as a result; * * * that the said right of way and tracks and engines operated on said tracks belonged to said defendant and were controlled, operated and managed by the agents, servants and employes of the defendants on said day and for six months prior thereto; * * * that at the point where the horses so entered upon defendant's said right of way, said right of way was not properly or securely fenced, * * * and in fact at said point * * * there was no fence of any kind or character," etc.

The above allegations sufficiently show that appellant was

operating its locomotives by its agents, etc. In support of this conclusion see *Baltimore, etc., R. Co.* v. *Dickey* (1909), 43 Ind. App. 509, 511, 87 N. E. 1047; *Cleveland, etc., R. Co.* v. *VanNatla* (1909), 44 Ind. App. 608, 612, 87 N. E. 999, 88 N. E. 716, and authorities cited; *Chicago, etc., R. Co.* v. *Stepp* (1909), 44 Ind. App. 353, 88 N. E. 343; *Indianapolis Union R. Co.* v. *Waddington* (1907), 169 Ind. 448, 457, 458, 82 N. E. 1030; *Southern R. Co.* v. *Elliott* (1908), 170 Ind. 273, 82 N. E. 1051; *Indianapolis St. R. Co.* v. *Schmidt* (1904), 163 Ind. 360, 71 N. E. 201; *Indianapolis St. R. Co.* v. *Ray* (1906), 167 Ind. 236, 78 N. E. 978.

In support of the second objection above indicated, it is insisted by appellant that the averments simply show that the horses entered on the right of way of appellant without the fault of appellee, but fail to show. that the killing was without appellee's fault. Taking the averment in its entirety we do not think that it is open to the objection made. It should be stated, however, in this connection that where liability is predicated on the violation of a statute which provides a civil remedy for damages resulting from such violation, as in this case, that the authorities hold that it is not necessary that the complaint in such case should aver that the plaintiff was without fault. It has been decided in cases where liability was predicated on the statute here involved, that this averment was unnecessary. *Toledo, etc., R. Co.* v. *Cory* (1872), 39 Ind. 218; *Louisville, etc., R. Co.* v. *Whitesell* (1879), 68 Ind. 297; *Welty* v. *Indianapolis, etc., R. Co.* (1886), 105 Ind. 55, 4 N. E. 410; *Chicago, etc., R. Co.* v. *Brannegan* (1892), 5 Ind. App. 540, 32 N. E. 790; *Terre Haute, etc., R. Co.* v. *Schaefer* (1892), 5 Ind. App. 86, 88, 31 N. E. 557; *Fort Wayne, etc., R. Co.* v. *Woodward* (1887), 112 Ind. 118, 120, 13 N. E. 260. There are some cases, however, which by inference or by express language indicate a different holding. These cases fail to distinguish between statutes which impose a criminal liability only for the violation of a duty im-

posed and those which expressly provide a civil remedy in damages for such violation. But, for the purposes of this case it is not important what the rule is with reference to such an averment in the complaint, because if it be granted that such an averment is necessary, and that the words "without fault or negligence·on the part of appellee" modifies and limits only the averment that the horses went upon the track of appellant, we think it would be sufficient to show that appellee was not guilty of contributory negligence, for the reason that it is clear that each paragraph of the complaint proceeds on the theory that the proximate cause of the injury to the stock was appellant's failure to maintain and keep a fence along its right of way sufficient to turn said stock, and it was only necessary that appellee should aver facts showing that he in no way contributed to the negligence which he alleged to be the proximate cause of the injury to such stock. *Salem-Bedford Stone Co.* v. *O'Brien* (1895), 12 Ind. App. 217, 40 N. E. 430; *Louisville, etc., R. Co.* v. *Hendricks* (1891), 128 Ind. 462, 28 N. E. 58.

In support of the alleged error in the ruling of the court on the motion for a new trial, it is insisted that the court erred in giving instructions Nos. 2 and 3. It is questionable whether the exceptions to these instructions were properly saved, but in any event appellant has failed to bring up the evidence in the case and in such case if the instructions objected to can be said to be proper and applicable to any evidence that might have been introduced under the issues, no available error is presented. *Mankin* v. *Pennsylvania Co.* (1902), 160 Ind. 447, 454, 67 N. E. 229; *Ferris* v. *State* (1901), 156 Ind. 224, 230, 59 N. E. 475; *South Bend, etc., Plow Co.* v. *Geidie* (1900), 24 Ind. App. 673, 675, 57 N. E. 562, and cases cited.

The second instruction is as follows: "If you find from the evidence that the horses in question got upon the defendant's railroad right of way and from thence got upon said railroad track at a point where the

company was by law bound to erect a fence and maintain it, and you further find from the evidence that the road had been in operation for six months or more prior to the accident, and that the fence where the horses got upon the track was through the negligence and carelessness of the company insufficient to prevent the said horses from getting upon the tracks, and that the horses did in fact get upon the track by reason of the insufficiency of said fence and were killed without any fault or negligence on the part of the plaintiff, then your finding should be for the plaintiff." It is insisted that this instruction authorized the jury to find for appellee, even though it failed to find that the horses were run over and killed by one of appellant's trains.

In view of the principle of law above announced, this court, in the absence of the evidence, will indulge the presumption that the evidence on the subject of the manner of the killing of said stock was without conflict, and that it was admitted, or, at, least, not contradicted, by appellant that its trains did in fact run over and kill the stock, in which case the instruction would have been proper, or, at least, not harmful.

The third instruction objected to is as follows: "You are further instructed that railroad companies are not required to keep such a guard on their road as to see a breach in their fence and to repair it the instant it occurs; still they are required under the law to keep such a force as will discover breaches and openings in their fences and to close them within a reasonable time. If they neglect to so do within a reasonable time it is a neglect of duty which will render them liable for injury to stock if it comes onto the road through such openings or broken fences, providing the owner or persons having the stock in charge is guilty of no negligence which contributes to the injury." It is insisted that this instruction is outside the issues and could not be said to be applicable to any phase of the case.

It is urged that there is no provision of the law that requires a railroad company to keep any force of men for the purpose of discovering and repairing breaches or openings in the fences along its right of way. While it is true that there is no statutory provision that expressly requires a force of men to be employed by the railroad for such purpose, the section of statute under which liability exists in this case imposed on such company the duty of erecting and maintaining fences along its right of way sufficient to turn stock. This duty is a continuing one, and required the company not only to erect in the first instance a fence sufficient for such purpose, but required it to keep and maintain the fence in such condition. It follows, as an incident to this duty imposed, that such company must of necessity employ men to discharge the duty, and, under the averment of the complaint that the company had failed in its duty in this regard and had neglected to maintain and keep its fence in such condition that it would turn stock, evidence might have been introduced to which the instruction would have been applicable. There can be no question that it was not only the right, but it was the duty of the court, under the issues tendered, to tell the jury that the law did impose upon appellant the duty of erecting a fence of the kind and character required by the statute, and that the duty did not end with the erection of the fence, but that it was a continuing one, and required the company, after the erection of the fence, to look after and maintain the same in such condition of repair that it would meet the purpose and the conditions of the statute involved. We think this was the effect of the instruction given, and that there might have been evidence introduced under the issues to which the instructions as given may have been proper and applicable.

We cannot, in any event, in the absence of the evidence, say that the instruction was not applicable to some phase

of the evidence which may have been properly admitted under the issues, or that it was prejudicial to appellant.

We find no available error presented by the record. The judgment is therefore affirmed.

Ibach, J., not participating.

NOTE. Reported in 99 N. E. 1026. See, also, under (1) 33 Cyc. 1267; (2) 33 Cyc. 1257, 1266; (3) 33 Cyc. 1266; (4) 3 Cyc. 169, 304; (5) 3 Cyc. 303; (6) 33 Cyc. 1312; (7) 33 Cyc. 1201. As to railway company's statutory duty to maintain fences and cattle-guards, see 21 Am. St. 289. On the question of the measure of care of railroad company to maintain fence once constructed, see 11 L. R. A. (N. S.) 228. As to the duty of a railroad company to keep cattle-guards in condition, see 36 L. R. A. (N. S.) 997. For a discussion of the care required of a railroad in keeping a right of way fence in repair, see 11 Ann. Cas. 430.